STATE of Tennessee, Appellee,

v.

Douglas Scott GREEN, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

May 30, 1984.

William M. Leech, Jr., Atty. Gen., Jerry
L. Smith, Asst. Dist. Atty. Gen., John Zim-
mermann, Asst. Dist. Atty. Gen., Nashville,
for appellee.

Andrei Ellen Lee, Nashville, for appel-
lant.

## OPINION

O'BRIEN, Judge.

This case comes from the Criminal Court for Davidson County on an appeal from a judgment finding defendant guilty of armed robbery and sentencing him to serve twenty (20) years in the penitentiary.

■ For his first issue defendant says the State failed to comply with T.C.A. Sec. 40–31–101, the Interstate Compact on Detainers, in bringing him to trial. It appears undisputed that defendant properly requested disposition of his charges on March 24, 1982 from his place of confinement in the State of Arizona. He was brought to trial on September 21, 1982, 181 days later. The act provides that for good cause shown in open court, with a defendant and his counsel present, the court having jurisdiction may grant any necessary or reasonable continuance. The act does not tolerate any negligence on the part of the State, nor any thing short of good cause to be exercised in the discretion of the court. We do not find any abuse of discretion in this one day delay beyond the 180 day statutory limit.

Defendant's first trial resulted in a mistrial. His retrial came on January 18, 1983, 119 days after his original trial. The main thrust of defendant's argument seems to be that his case should have brought to final disposition in September, 1982, and that the second trial in January, 1983 was beyond the 180 day limitation imposed by the statute. The only case in this State brought to our attention which has considered this issue is *State v. Charles Earl Bobo, Jr.*, filed in Knoxville, July 9, 1981. As we noted in Bobo, our Legislature has made no provisions for a retrial under the circumstances presented in this case. We held that a retrial must take place within a reasonable time, not to exceed the same time period provided for an original trial under the act. In this particular case the time limit would be 180 days. In the absence of any evidence of bad faith or lack of diligence on the part of the State we find the rule adopted in *Bobo,*

supra, to govern here. In enacting the Interstate Compact on Detainers the Legislature wisely allowed the courts the necessary latitude in bringing an individual case to trial as soon as possible by providing for reasonable continuances where good cause requires such action. We find the issue raised to be without merit.

■ Defendant has raised an objection to the admission of two motel receipts into evidence. These tended to place him in the State of New Mexico at a crucial time involved in the charges against him. It is contended these receipts were inadmissible hearsay evidence admitted in violation of the Uniform Business Records as Evidence Act. Taken in context the record shows that the property purportedly stolen by the defendant was a 1977 Thunderbird automobile taken from the possession of Mr. Hubert Sims in Nashville, Tennessee. The thief was armed with a pistol. A description of the automobile was broadcast through the National Crime Information Center computer. A little more than a week after its theft a police officer on patrol in Santa Fe, New Mexico observed the vehicle being operated in a suspicious manner. Noting the Tennessee license plate number he verified that it had been stolen in Tennessee. The vehicle was relocated and ultimately, through some excellent police work, the motel receipts were discovered. An individual named Douglas Scott had registered at the Thunderbird Motel, located a short distance from where the stolen car had been found abandoned. This registration gave Scott's home address as Las Cruces, New Mexico, the city where this defendant's mother resided. Another registration, at the Silver Saddle Motel in Santa Fe, showed Douglas Scott's address to be 1665 7th Street in Nashville, Tennessee. The investigating officer obtained copies of the receipts verifying these registrations.

Officer Romedo Ray Flores of the Santa Fe, New Mexico Police Department testified that he had conducted the investigation of the stolen vehicle in that city. It was he who went to the Thunderbird and Silver Saddle Motels where he personally

saw the registrations. He acquired a copy of the motel receipt to verify the fact of his investigation. The Silver Saddle Motel records indicated the Douglas Scott registered there was driving a 1977 Thunderbird automobile. The receipts were not introduced to show defendant's presence in the State of New Mexico, but were utilized only to confirm the testimony of the police officer who had personally perused the records. The officer was present and testified in open court. Defendant had adequate opportunity for cross-examination and there was no denial of confrontation. Notwithstanding the admissibility of the evidence, proof of defendant's guilt was overwhelming. He was positively identified by both Mr. Sims, and the owner of the automobile, as well as the police officer who observed him driving the vehicle in Santa Fe, New Mexico just a few days later. The issue is without merit.

■ Defendant complains that the trial court required a redaction of his pretrial statement to a police officer. It appears that while Detective Joe Jones was transporting defendant from the State of Arizona, where he was then confined, to Nashville, Tennessee, he made a casual inquiry of defendant about the number of robberies he had committed in Nashville. As stated in defendant's brief, the response made by him would have allowed into evidence a statement implicating him in as many as twelve robberies. He indicated that only one of these was actually committed with a weapon in hand. At trial the State insisted that defendant's admission to the police officer be admitted into evidence. The trial court allowed only the testimony that defendant had admitted one armed robbery. The record would have been better off without the testimony. It was of no real benefit to the State, particularly in light of the overwhelming evidence of defendant's guilt which we have related heretofore. Defendant submits that when the trial court determined that part of the statement was inadmissible it should have been excluded in its entirety. Where a confession indicates that the accused has been guilty of another offense in addition to that for which he is being tried, that part

of the confession relating to the distinct offense is inadmissible if it can be separated from the portion of the confession relating to the charge in issue. *Rounds v. State,* 106 S.W.2d 212, 171 Tenn. 511 (1937). Of course the statement made by defendant was not actually intended as a confession of this offense but we think the rule applies equally to the sort of admission made in this case. It is doubtful the contention is serious that defendant wished to have evidence of another twelve criminal offenses admitted into evidence. There is no indication that the admission of the testimony affected the result of the trial. See *Cole v. State,* 475 S.W.2d 196, 201, 4 Tenn. Cr.App. 645 (1971).

■ An earnest argument has been made to support the contention that the evidence was insufficient to prove the guilt of defendant beyond a reasonable doubt. We have reviewed the record extensively in resolving the issues raised by defendant. We find the evidence in this case meets the essential requirements of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); and T.R.A.P. Rule 13(e).

The judgment of the trial court is affirmed.

DUNCAN and SCOTT, JJ., concur.